Judge Owsley
delivered the Opinion of the Court.
Smith brought an action of covenant against Robinson, upon the following writing :
“ If Asa Smith lands my flower safe at New-Or“leans this spring, and takes in a note that I have “endorsed for him to Francis Jackson, I will then “owe him a balance of 185 dollars.
“Feb. 16, 1819. Will. Robinson.”
After setting out the writing, the declaration avers, “ that Smith did land Robinson’s flour safe “ at New-Orleans, in the spring of the year 1819, “ and pay off all the note which Robinson had en- “ dorsed for him to Francis Jackson, except the “ sum of twenty-five dollars, which Robinson re- “ leased him (Smith) from, in consideration of mo- “ ney placed in Robinson’s hands by Smith, for the “ purpose of paying off and taking in said note,” See.
By his plea, Robinson, after craving oyer of the writing, alleges, “that he never did give a written “ release to Smith, from the condition in said writ- “ ing,’or any part thereof, which requires Smith to “fake in a note which Robinson had endorsed fo.r “him to Francis Jackson,” &c.
To this plea Smith demnrred, and the demurrer being joined by Robinson, the conrt rendered judgment overruling the demurrer, and sustaining the plea as sufficient to bar the action.
We cannot concur with the court’s opinion upon the demurrer.' Though Robinson may not, by writing, as alleged in his plea, have released Smith from taking up the note to Jackson, yet assuming the allegations contained in the declaration, and not *175 traversed by the plea, to be true, Smith must be admitted to have shown a good cause of action upon the writing.
Plea to such a declaration, that defendant had executed no written release, is insufficient
Substantial and not a lit-oral performance of such a condition, is required.
To give him a legal right of action upon the writing, it was not necessary for Smith to allege* a literal performance of the stipulation to take up the note which he had executed to Jackson, and endors ed by Robinson. It is sufficient if it be in substance performed.
Were that stipulation the only condition in the writing to be performed by Smith, and upon which Smith’s right to demand the one hundred and eighty dollars was made to depend, we should not be prepared to admit, that, the allegations contained in the declaration, and not traversed by the plea, does not charge a sufficient performance.
As Robinson was only bound to Jackson as endorser for Smith, in stipulating for Smith,to take up the note, there could have been no other object in view of the parties, than to provide an indemnity against Robinson’s liability ; and if it be true, as the declaration avers, that all the note to Jackson was paid by Smith, except the amount that was paid by him to Robinson, there can be no possible danger of loss by Robinson, under his endorsement; so that, in effect ami substance, though not literally, the stipulation of Smith to take up the note, must be considered as having been fuifflied.
But the writing contains other stipulations than that to take up the note, which were to be performed by Smith. He was to land Robinson’s flour safe at New-Orleans, in the spring of 1819. This latter stipulation, the declaration expressly avers, was performed by Smith, and the plea contains no suggestion which controverts the truth of the averment.
Having, therefore, delivered the flour according to his stipulation, and having also paid Jackson and Robinson the amount of the note to Jackson, it would bé a perversion of legal principles to an iniquitous purpose, not to sustain the right of Smith to maintain his action, because there was not a literal performance of Smith’s undertaking to take up the note to Jackson.
The judgment must, consequently, be reversed *176 with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.
Caperton for plaintiff; Turner for defendant.